**ESPEY**

v.

**LAWYERS TITLE INS. CORP. OF RICHMOND, VA.**

**No. 11765.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 25, 1953.

Decided Jan. 21, 1954.

Petition for Rehearing Denied March 31, 1954.

Mr. H. Clay Espey, Washington, D. C., appellant, pro se.

Mr. Benjamin W. Dulany, Washington, D. C., with whom Mr. Edmund D. Campbell was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant is an incompetent's committee. Carl E. and Andrew F. Travis, the members of a predecessor committee, embezzled the proceeds of checks drawn by appellee and payable to their order. The checks were the proceeds of a loan that the predecessor committee had been authorized by a court order to negotiate on the security of the incompetent's real estate. Although the order of authorization contained the words "Upon consideration of the petition of Carl E. Travis and Andrew F. Travis, com-

mittee of Lloyd A. Travis", it "Ordered and Decreed, that Carl E. Travis and Andrew F. Travis be and they hereby are authorized to borrow * * *." Appellee drew the checks in accordance with this authorization, i. e. made them payable to the order of "Carl E. Travis and Andrew F. Travis", without adding the word "committee" or otherwise indicating their fiduciary capacity. Appellant brought the present suit against appellee on the theory that this was negligence. The District Court found that appellee was not negligent and was protected by the Uniform Fiduciaries Act.

The fact that appellee drew the checks in accordance with a court order supports the finding that appellee was not negligent.[1] Moreover the absence of the word "committee" from the checks did not cause the embezzlement, since the presence of the word would not have prevented the Travises either from cashing the checks or from embezzling the proceeds. Appellant contends that the omission of the word is all that precludes him from recovering against the indorsees who cashed the checks for the Travises and that, therefore, the omission caused the loss even if it did not cause the embezzlement. This contention is erroneous. The Uniform Fiduciaries Act, as in force in the District of Columbia, provides broadly and without limitation that "A person who in good faith pays or transfers to a fiduciary any money or other property which the fiduciary as such is authorized to receive, is not responsible for the proper application thereof by the fiduciary * * *." D.C.Code 1951, § 28-2302, 45 Stat. 510. Cf. National Casualty Co. v. Caswell & Co., 317 Ill.App. 66, 45 N.E.2d 698. The Act also provides that "If any negotiable instrument payable or indorsed to a fiduciary as such is indorsed by the fiduciary * * the indorsee is not bound to inquire whether the fiduciary is committing a

breach of his obligation as fiduciary in indorsing or delivering the instrument, and is not chargeable with notice that the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument with actual knowledge of such breach or with knowledge of such facts that his action in taking the instrument amounts to bad faith. * * *" D.C.Code 1951, § 28-2304, 45 Stat. 510; cf. § 28-2307. There is no evidence that either indorsee had such knowledge.

Affirmed.

---

1. In view of the Uniform Fiduciaries Act discussed below, it is by no means clear that appellee's omission of the word "committee" would have been negligent even if there had been no court order. We need not decide this question.